## Moses G. Howe & another *vs.* William E. Whitehead & another.

Suffolk. Nov. 10, 1880. — Jan. 29, 1881. Lord & Soule, JJ., absent.

In an action on a promissory note, there was evidence that the plaintiff had agreed to cancel the note on the defendant causing a corporation to give its note for the amount, and that such note was tendered and refused. The plaintiff relied on the fact that the defendant after the tender paid interest on the note out of his own money, as showing a waiver of the tender. The defendant then offered to show that he had paid other debts of the corporation out of his own money. *Held*, that the evidence offered was properly excluded.

Contract upon a promissory note for $6000, dated January 26, 1877, payable to the order of the plaintiffs, and signed by the defendants, on which were four indorsements of interest paid to January 26, 1879. Trial in the Superior Court, before *Gardner*, J., who allowed a bill of exceptions in substance as follows:

It was in evidence that the note in suit was secured by a mortgage of the same date and constituting one transaction with the note, and signed by the makers of the note, and that said mortgage contained an agreement that, if the mortgagors should cause the Dracut Nickel Mining Corporation to give to the mortgagees, within four months, a good and sufficient deed of mortgage in lieu of the first-mentioned mortgage, on the same land, and on the same terms and conditions, then the first-mentioned mortgage should be cancelled and discharged; and that the defendants had conveyed said land to the corporation.

The defendants introduced evidence tending to show that they had caused the corporation to execute a mortgage and note to the

plaintiffs according to the agreement, and that the same were tendered to the plaintiffs on April 26, 1877, which the plaintiffs declined to accept; and the defendants contended that the note in suit was thereby cancelled and discharged.

The plaintiffs denied the alleged tender of the mortgage and note; and contended that the defendants had waived any rights acquired by the tender by paying interest on the note subsequently to the time when the tender was alleged to have been made; and there was evidence that the payments of interest which were indorsed on the note subsequently to the alleged tender were made by the individual checks of the defendants sent to the plaintiffs.

The defendants testified that they had paid the interest indorsed on the note, in behalf of the corporation, out of their own money. They then offered to testify that they had paid all the other debts of the corporation out of their individual funds with their own checks. But the judge excluded this offer of proof. It appeared that the defendants owned a majority of the stock of the corporation.

The jury found specially that the mortgage and note were duly tendered, and that the defendants had waived any rights acquired by the tender; and, by order of the judge, returned a verdict for the plaintiffs for the amount of the note and interest.

The defendants alleged exceptions to the exclusion of the evidence offered.

*F. T. Benner*, for the defendants.

*A. A. Ranney*, for the plaintiffs, was not called upon.

BY THE COURT. Payment by the defendants of other debts of the corporation was *res inter alios*, and evidence thereof was rightly rejected as irrelevant and incompetent.

*Exceptions overruled.*